FILED
JAMES BONINI
IN THE UNITED STATES DISTRICT COURT CLERK
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION    2011 JUL 20  PM 3: 48

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INFORMATION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. _2·11-cR-180_ |
| | ) | Title 42, U.S.C. §§7413(c); |
| COLUMBUS STEEL CASTINGS | ) | 7661a(a)    JUDGE GRAHAM |
| CO. | ) | |
| Defendant. | ) | |

## INTRODUCTION

The United States Attorney charges:

At all times material herein:

1.    The Defendant COLUMBUS STEEL CASTINGS CO. ("Defendant" or "COLUMBUS CASTINGS") owned and operated a steel foundry in Columbus, Ohio, that manufactured steel castings for various industries, including the railroad industry, that is currently incorporated and doing business within the State of Ohio.  As part of its operation, Defendant COLUMBUS CASTINGS utilized numerous pieces of equipment, employed multiple operations and/or activities that emitted or caused the emission of air contaminants.  Certain sources of air contaminants operated by the Defendant COLUMBUS CASTINGS are required to employ air pollution control devices.

2.    On or about December 18, 2002, the Ohio Environmental Protection Agency ("Ohio EPA"), pursuant to its federally authorized Clean Air Act ("CAA") program, issued a CAA Title V permit ("Permit") for Defendant COLUMBUS CASTINGS' facility located at 2211 Parsons Avenue,

Columbus, Ohio, Facility ID No. 01-25-04-0020 ("Facility"), which specifies the air emissions limitations and standards to which the facility is subject. At that time, the Facility was known as Buckeye Steel Castings. The permit was administratively modified and reissued on December 30, 2002.

3.       Defendant COLUMBUS CASTINGS purchased the Buckeye Steel Castings Facility on or about February 18, 2003 and began operating on or about March 13, 2003.

4.       Defendant COLUMBUS CASTINGS did not file a notification with Ohio EPA transferring the Permit from Buckeye Steel Castings, as required pursuant to Section 1.B.5, "General Terms and Conditions" of the Permit.  However, once the Facility re-started its operations on or about March 13, 2003, it began operating pursuant to the terms and conditions of the Buckeye Steel Castings Permit.   Thus, the Permit was effectively transferred to Defendant COLUMBUS CASTINGS on or about March 13, 2003.

5.       Defendant COLUMBUS CASTINGS' Permit was effective on January 8, 2003 and expired January 8, 2008.  Defendant COLUMBUS CASTINGS has submitted an application for a renewal Title V permit and, as such, permissibly continues to operate pursuant to the expired permit.

## Summary of Clean Air Act Regulations

6.       Title V of the Clean Air Act ("CAA"), 42 U.S.C. § **7661-7661f** establishes a comprehensive operating permit system for new and existing major sources of pollution ("Title V program").  The purpose of the Title V program is to combine all of a facility's air emissions requirements – both state and federal – into a single document. Knowing violations of requirements

2

in the federally enforceable portion of a Title V permit are subject to federal criminal prosecution. 42 U.S.C §§ 7413(c); 7661a(a).

7.      The U.S. EPA may delegate to a state the authority to issue Title V permits, and has done so in Ohio. *See* 42 U.S.C. § 7661a(d). However, the federal government retains the power to enforce the provisions of the CAA and such permits. *See* 42 U.S.C. § 7413.

## COUNT 1 – VIOLATION OF TITLE V PERMIT
(Failure to Report Malfunctions)

8.      The allegations of Paragraphs 1 through 7 above are incorporated herein.

9.      Pursuant to Part I.A.2. of the Permit, Defendant COLUMBUS CASTINGS must report "[t]he malfunction of any emissions unit(s) or any associated air pollution control system(s)."

10.     Defendant COLUMBUS CASTINGS was aware of the definition of a malfunction and the requirement to report the occurrence of a malfunction to Ohio EPA.

11.     On one or more occasions between on or about August 5, 2004 and on or about September 24, 2007, Defendant COLUMBUS CASTINGS knew that malfunctions of its emissions units had occurred and did not report those malfunctions to the Ohio EPA as required.

12.     Between on or about August 5, 2004 and on or about September 24, 2007, in the Southern District of Ohio, Eastern Division, Defendant COLUMBUS CASTINGS, knowingly violated its Permit, in that the Defendant COLUMBUS CASTINGS knowingly failed to report malfunctions of air pollution control equipment during the operations of emissions unit(s) at the Facility.

In violation of 42 U.S.C §§ 7413(c) and 7661a(a).

3

## COUNT 2 – VIOLATION OF TITLE V PERMIT
(Failure to Report Deviations)

13.     The allegations of Paragraphs 1 through 7 above are incorporated herein.

14.     Pursuant to Part I.A.1.c.ii(a) of their Permit, Defendant COLUMBUS CASTINGS must file a written report of "any deviations from federally enforceable emissions limitations, operational restrictions, and control device operating parameter limitations[.]"

15.     Defendant COLUMBUS CASTINGS was aware of the requirement to report deviations to Ohio EPA in a written report.

16.     On one or more occasions in and between 2004 and 2007, Defendant COLUMBUS CASTINGS was aware of multiple deviations from operating restrictions for emissions units P046-P052, P905, and P906, but failed to report those deviations in a written report to Ohio EPA, as required by their Permit.

17.     On one or more occasions in and between 2004 and 2007, in the Southern District of Ohio, Eastern Division, Defendant COLUMBUS CASTINGS, knowingly violated its Permit in that Defendant COLUMBUS CASTINGS knowingly failed to report deviations of control device operating parameter limitations during the operations of the associated emissions unit(s), set forth above in paragraph 16, at the Facility.

In violation of 42 U.S.C §§ 7413(c) and 7661a(a).

## COUNT 3 –VIOLATION OF TITLE V PERMIT
(Operating Emissions Units Without Control Equipment)

18.     The allegations of Paragraphs 1 through 7 above are incorporated herein.

4

19.     Pursuant to Part III.A.I.1. of Defendant COLUMBUS CASTINGS' Permit for the Green Sand Coremaking (P903) and the Arc Air Turntable (P041), the operation shall be vented to one or more baghouses. Pursuant to Part III.A.I.1. of Defendant COLUMBUS CASTINGS' Permit for the 2600 Moldmaking and Sand Preparation (P011), the operation shall be vented to a baghouse (B-3330) and a wet scrubber (B-3033). Pursuant to Part III.A.I.2.c. of Defendant COLUMBUS CASTINGS' Permit for the 1693 Mold Making and Sand Preparation (F006) the operation shall be vented, inter alia, to wet scrubber B-3032.

20.     On one or more occasions in and between 2005 and 2006, Defendant COLUMBUS CASTINGS was aware of baghouses not operating for periods of time, while the emissions unit identified above in paragraph 19 continued to operate.

21.     On one or more occasions in and between 2004 and 2007, Defendant COLUMBUS CASTINGS was aware of the wet scrubber not operating for periods of time while the associated emissions units identified above in paragraph 19 continued to operate.

22.     On one or more occasion in and between 2004 and 2007, in the Southern District of Ohio, Eastern Division, Defendant COLUMBUS CASTINGS knowingly violated its Permit in that Defendant COLUMBUS CASTINGS knowingly operated the emissions units listed in paragraph 19 while the associated air pollution control technology, i.e. the wet scrubber and/or baghouse, was not in operation.

In violation of 42 U.S.C §§ 7413(c) and 7661a(a).

5

## COUNT 4 – VIOLATION OF TITLE V PERMIT
(Failure to Conduct Visible Emission Readings)

23.     The allegations of Paragraphs 1 through 7 above are incorporated herein.

24.     Pursuant to Part III.A.III.1, 2, and/or 3. "Monitoring and/or Record Keeping Requirements" for one or more emissions units listed in its Permit, Defendant COLUMBUS CASTINGS shall perform daily checks, when the emissions unit is in operation and when the weather conditions allow, for any visible particulate emissions from the stacks serving the emissions unit.  Additionally, Defendant COLUMBUS CASTINGS shall perform daily checks, when the emissions unit is in operation and when the weather conditions allow, for any visible emissions of fugitive dust from the egress points (i.e., building windows, doors and roof openings) serving the emissions unit.

25.     Defendant COLUMBUS CASTINGS was aware of the requirements for conducting visible emission readings on the weekends when the emissions unit is in operation and when the weather conditions allow, and Defendant COLUMBUS CASTINGS knew that emissions units operated on certain weekends.

26.     On one or more occasions between on or about March 6, 2004 and on or about December 16, 2007, in the Southern District of Ohio, Eastern Division, Defendant COLUMBUS CASTINGS knowingly violated its Permit in that Defendant COLUMBUS CASTINGS knowingly failed to perform daily checks, when emissions units operated on weekends and when weather conditions allowed, for visible particulate emissions from the

6

stacks serving the emissions unit and for visible emissions of fugitive dust from the egress

points (i.e. building windows, doors and roof openings) serving the emissions unit.

In violation of 42 U.S.C §§ 7413(c) and 7661a(a).

## COUNT 5 – VIOLATION OF TITLE V PERMIT
(Failure to Submit Accurate Annual Compliance Certification)

27.     The allegations of Paragraphs 1 through 7 above are incorporated herein.

28.     Pursuant to Part I.A.12.d., "General Terms and Conditions," Defendant COLUMBUS

CASTINGS shall submit an annual compliance certification on or before April 30th of each year

during the Permit term. Compliance certifications shall include, inter alia, "[t]he permittee's current

compliance status" and "[w]hether compliance was continuous or intermittent."

29.     On one or more occasion in and between May 2005 and April 2008, Defendant

COLUMBUS CASTINGS was aware that it was submitting inaccurate Compliance Certifications in

that Defendant COLUMBUS CASTINGS knowingly failed to report the following to Ohio EPA in

its compliance certifications: multiple deviations; unreported malfunctions; instances when

emissions units operated without air pollution control devices; and noncompliance with the

monitoring requirement of daily visible emissions checks.

30.     On one or more occasion in and between May 2005 and April 2008, in the Southern

District of Ohio, Eastern Division, Defendant COLUMBUS CASTINGS knowingly violated its

Permit under the CAA in that COLUMBUS CASTINGS knowingly submitted its annual compliance

7

certification or a revised annual compliance certification for the previous year that did not accurately

state its compliance status.

In violation of 42 U.S.C §§ 7413(c) and 7661a(a).

## COUNT 6 – VIOLATION OF TITLE V PERMIT
(Failure to Conduct Stack Test within Six Months prior to Permit Expiration)

31.     The allegations of Paragraphs 1 through 7 above are incorporated herein.

32.     Pursuant to Part III.A.V.1.b.i., "Testing Requirements" of the Permit, Defendant

COLUMBUS CASTINGS shall conduct emissions testing within 6 months prior to the expiration of

the Permit for emission units P041 (Air Arc Turntables) and P904 (#3F Mill and Four Storage Silos),

controlled by the following air contaminant control devices:  B-3656  and B-3820, respectively.

33.     Defendant COLUMBUS CASTINGS was aware of the requirement to conduct stack

testing on the emissions units identified in paragraph 32 within six months prior to the expiration of

the Permit – no later than January 8, 2008 – but failed to follow such requirement.

34.     Between on or about January 8, 2008 and on or about May 22, 2008, in the Southern

District of Ohio, Eastern Division, Defendant COLUMBUS CASTINGS  knowingly violated their

Permit under the CAA in that it failed to conduct emissions testing within 6 months prior to the

permit expiration.  Although Defendant COLUMBUS CASTINGS continued to operate the

8

emissions units identified in paragraph 32, the units were not tested until several months later.

In violation of 42 U.S.C §§ 7413(c) and 7661a(a).

CARTER M. STEWART
United States Attorney


GARY L. SPARTIS (0023428)
Columbus Branch Chief

9