IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff, | : | |
| | : | |
| VS. | : | NO. 2:11-CR-180 |
| | : | JUDGE GRAHAM |
| COLUMBUS STEEL CASTINGS COMPANY, | : | |
| | : | |
|     Defendant. | : | |
| | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

This is a memorandum in support of the requested sentence for Defendant Columbus Steel Castings Company ("Columbus Castings"). The Government respectfully requests that the Court accept and impose the agreed upon sentence as enumerated in the Plea Agreement reached by the parties under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The Presentence Investigation Report recommends imposing the agreed upon sentence.

**STATEMENT OF THE CASE**

On July 20, 2011, the United States Attorney for the Southern District of Ohio charged Columbus Castings in a six count Information. The Information charged that from 2004 until 2007, Columbus Steel violated Title V of the Clean Air Act (CAA). 42 U.S.C. § 7401, et seq. Count 1 charged Columbus Castings for failing to report malfunctions of its air pollution control equipment during the operation of emissions units. Count 2 charged Columbus Castings for failing to report deviation from operating restrictions of the air pollution control equipment. Count 3 charged Columbus Castings for violating its permit by operating with knowledge that the air pollution

1

equipment were not functioning. Count 4 charged Columbus Castings for failing to conduct daily checks of visible emissions. Count 5 charged Columbus Castings for submitting inaccurate annual compliance certifications with respect to its compliance status. Count 6 charged Columbus Castings for failing to conduct timely emissions tests on certain emission units. These acts violated 42 U.S.C. §§ 7413(c) and 7661(a).

On July 28, 2011, Columbus Castings pleaded guilty to all six counts pursuant to a plea agreement. The plea agreement provides a binding sentence subject to withdrawal if the Court does not accept the agreement. The parties agreed to a binding sentence in this case as follows: 1) fine in the amount of $660,000 due within 30 days of sentencing; 2) community service payment totaling $165,000 payable to Grange Insurance Audubon Center for $70,000 and Physicians' Free Clinic for $95,000 due within 30 days of sentencing; and, probation for a period of one year under the condition that: a) Columbus Castings completes installation of electronic measures known as interlocks which shuts down production equipment when they fall under an optimal level of functionality and a bag leak detection system on Baghouse B-3700 within a year of sentencing; and b) payment of the fines and community service payments outlined above. Moreover, Columbus Castings has to file a motion in a pending state civil enforcement proceeding against them modifying the preliminary injunction to include installation and maintenance of the interlocks and bag leak detection system for a period not less than ten years except under State of Ohio approval.

On October 20, 2011, the Probation Department issued a Presentence Investigation Report recommending the agreed-upon sentence.

**ARGUMENT**

I.      The binding agreement requests a reasonable sentence which includes $660,000 in fines, $165,000 in community service payments, a one-year probation, and installation of air pollution control systems.

Considering the Sentencing Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553(a), the sentence agreed upon by the United States and the Defendant, Columbus Castings, is sufficient and appropriate.

      A.      Sentencing Guidelines.

Sentencing determinations normally begin with an analysis of the Sentencing Guidelines. However, pursuant to § 8C2.1 of the Sentencing Guidelines, the provisions of §§ 8C2.2 through 8C2.9 of the Guidelines do not apply for purposes of calculating a fine. Therefore, further analysis of the Guidelines, for this corporate defendant, is not necessary.

      B.      Application of § 3553(a) Factors

            1.      <u>Nature and Circumstances of the Offense and History and Characteristics of the Defendant</u>

Columbus Castings has admitted that between 2004 and 2007 they failed to operate air pollution controls for four different emission sources at the plant for varying periods of time. They also failed to report malfunctions of air pollution control equipment and multiple deviations from air pollution control operating parameters to the Ohio Environmental Protection Agency ("Ohio EPA") as required. Daily visual emission checks, designed to determine if the plant was emitting excess dust or smoke, were not conducted on weekends while the facility was operating. Stack tests, which are necessary to ensure compliance with the Clean Air Act, were not conducted as required by the company's air permit. The company also failed to submit accurate annual compliance certifications.

3

The charges filed against Columbus Castings reflect the potential environmental harm caused by Columbus Castings, however there is also an economic aspect to the crimes conviction. There was a direct economic benefit to Columbus Castings. Columbus Castings saved money by avoiding the costs of compliance. There is also an indirect benefit to this direct cost savings as well. Competitors of Columbus Castings likely incurred the capital and operational expenses costs associated with the environmental compliance. Therefore, Columbus Castings had an unfair competitive advantage because of its environmental noncompliance.

      2..     <u>Need for the Sentence Imposed to Reflect Seriousness of Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense</u>

Columbus Castings, on numerous occasions, disregarded the terms of the air permit for the facility. As detailed above, these permit violations concerned the failure to report malfunctions, failure to conduct monitoring, and failure to conduct emission testing.

The plea agreement sufficiently penalizes Columbus Castings for the offenses of conviction. The plea agreement provides that Columbus Castings pay a fine of $660,000. This fine is proper considering the potential for environmental harm and the unfair benefits to Columbus Castings, but also the financial condition of the defendant and the importance of Columbus Castings to the local economy.

      3.     <u>The Need to Afford Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant</u>

A sentence that serves as a deterrent for this company and the regulated community is warranted. The U.S. EPA and Ohio EPA rely upon members of the regulated community to comply for the protection of the environment and public. It is imperative that the U.S. EPA and the Ohio EPA be able to rely upon those with air permits to follow rules. The Defendant's sentence, thereby,

can serve as a strong deterrent. Members of the regulated community must understand that failure to follow the requirements of an air permit is unacceptable, and will not be tolerated. Such disregard of the regulatory system has the potential to undermine the system so as to potentially leave unsuspecting citizens unprotected from the hazards of illegal pollution.

The proposed sentence in this matter does in fact provide an adequate deterrent. The proposed fine of $660,000 is significant and sends the message to the regulated community that there is a significant price to be paid for non-compliance.

The United States does not believe that Columbus Castings is likely to engage in additional criminal conduct in the future. Columbus Castings has shown the government that is has been implementing projects to improve the collection and control of fugitive dust within the foundry, to improve air pollution control devices and associated equipment in the foundry, and to comply with its air permit. Specifically, to date, Columbus Castings has spent approximately $3.1 million on these projects. In addition, the plea agreement incorporated additional improvements in the company's pollution detection systems. The company will install and maintain interlocks to prevent the emission of air contaminants in the event of malfunctions of air pollution control devices and install a bag leak detection system for the air pollution control device associated with one of its pollution sources. These self-imposed monitoring systems will aid Columbus Casting's future compliance with the air pollution requirements.

    4.    <u>Educational or Vocational Training, Medical Care, or Other Correctional Treatment</u>

The United States is unaware of any evidence to support adjusting the sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the this matter." <u>See</u> 18 U.S.C. § 3553(a)(2)(D).

   5.  <u>Guidelines and Policy Statements Issued by the Sentencing Commission</u>

The United States is unaware of any special guideline or policy statements issued by the U.S. Sentencing Commission that this Court should take into consideration in sentencing this defendant.

   6.  <u>Need to Avoid Unwarranted Sentence Disparities</u>

The case at bar does not present any issue of sentencing disparity.

   7.  <u>Need to Provide Restitution to Any Victims of the Offense</u>

As part of the plea agreement Columbus Castings has agreed to make a community service payment in the amount of $165,000. A payment of $95,000 will go to the Physicians' Free Clinic, a free healthcare clinic benefitting the residents of the south side of Columbus. The money is to be used for medical services, medications, and/or transportation services for patients with respiratory ailments and other illnesses as set forth in Attachment A to the Plea Agreement.. A payment of $70,000 will go to Grange Insurance Audubon Center to be used for funding of the Conservation Classroom Program in South Columbus, in 10 Columbus Public Schools, also as set forth in Attachment A to he Plea Agreement.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court impose the agreed upon sentence as enumerated in the Plea Agreement reached by the parties under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

Columbus Castings accepted responsibility for their past misconduct, plans to self-monitor to avoid future violations, and willingly seeks to provide for the residents in their immediate vicinity.  The arguments stated above provide adequate justification for the requested sentence.

Respectfully submitted,

CARTER M. STEWART
United States Attorney


s/ J. Michael Marous
J. MICHAEL MAROUS (0015322)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Mike.Marous@usdoj.gov


CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served electronically on this 14th day of November, 2011, upon David E. Northrop and Robert L. Brubaker, Attorneys for the defendant.

Respectfully submitted,

CARTER M. STEWART
United States Attorney


s/J. Michael Marous
J. MICHAEL MAROUS (0015322)
Assistant United States Attorney